**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| PETER J. MASSARO, : | |
| 10551 Willis Ford Road : | |
| Culpepper, VA 22733 : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 20-929 |
| : | |
| FAIRFAX COUNTY : | |
| POLICE DEPARTMENT, : | |
| 12099 Government Center Parkway : | |
| Fairfax, VA 22035 : | |
| : | |
| Serve: Edwin C. Roessler Jr. : | |
| Chief of Police : | |
| 12099 Government Center Parkway : | |
| Fairfax, VA 22035 : | |
| : | |
| Defendant. : | |

## COMPLAINT

Plaintiff, Peter J. Massaro, through counsel, HANNON LAW GROUP, LLP, brings this action against the Fairfax County Police Department under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, for actions taken against him in retaliation for opposing discrimination on the basis of his race, age, and gender.

### JURISDICTION

1. This Court has jurisdiction over Lt. Massaro's complaint pursuant to 28 U.S.C. § 1331, because the claims arise under the laws of the United States.

2. Venue is proper as the defendant, Fairfax County Police Department, is located within this judicial district. 28 U.S.C. § 1391(b)(1).

## PARTIES

3. Plaintiff Peter J. Massaro is a highly decorated police officer employed by the Fairfax County Police Department who currently holds the rank of Second Lieutenant. Lt. Massaro is a resident of the Commonwealth of Virginia.

4. Defendant Fairfax County Police Department ("Police Department") is headquartered in Fairfax, Virginia, in this judicial district. At all times relevant to this Complaint, the Police Department was Lt. Massaro's employer.

## FACTUAL BACKGROUND

5. Lt. Massaro graduated from Georgetown University in 1986 with a bachelor's degree in sociology and criminal justice. While at Georgetown, he enlisted in the United States Marine Corps' officer training program.

6. Upon graduation, Lt. Massaro was commissioned as a second lieutenant in the Marine Corps. He commanded an infantry company in the First Gulf War and earned numerous commendations, including the Combat Action Ribbon and Navy Achievement Medal with Valor. Lt. Massaro was honorably discharged in 2002, at the rank of Major.

7. Lt. Massaro joined the Fairfax County Police Department on October 14, 1996. He became a supervisor in 2011, when he was promoted to the rank of Sergeant. He was later promoted to Second Lieutenant in 2015, a rank he still holds today.

8. Throughout his career, Lt. Massaro has supervised patrol units, training units, and specialty units for the Police Department, including the SWAT Team, the Tysons Urban Team, and the Mason District Bicycle Team.

9. From February 2018 until May 2020, Lt. Massaro was assigned as the supervisor at the Firearms Range at the Fairfax County Criminal Justice Academy. This was a prestigious assignment that few officers are qualified to hold. He was responsible for training the entire

Police Department, the Fairfax County Sheriff's Department, and the police departments for the towns of Vienna and Herndon, in the use of firearms.

10. Throughout his career, Lt. Massaro received the highest performance evaluations and several awards. In the past three years alone, he was named Supervisor of the Year, awarded the Bronze Medal of Valor, and the Department's highest honor, the Gold Medal of Valor.

**Lt. Massaro's Complaint of Discrimination**

11. Edwin C. Roessler, Jr., was named Chief of Police for the Fairfax County Police Department in July 2013. When first appointed, Chief Roessler identified increasing the diversity of the Police Department as one of his top priorities.

12. In November 2017, Lt. Massaro took and passed the examination to be considered for promotion to First Lieutenant. Lt. Massaro was 54 years old at the time.

13. During the next promotion cycle, in April 2018, the Police Department selected five candidates for promotion to First Lieutenant. Despite his superior qualifications, Lt. Massaro was not selected. All the candidates selected were younger than Lt. Massaro, and none were white males.

14. The Police Department promoted another four officers to First Lieutenant in September 2018. Again, the Police Department passed over Lt. Massaro, choosing candidates who were younger than him.

15. On September 26, 2018, Lt. Massaro filed a complaint of discrimination against the Police Department. The complaint was to be investigated concurrently and independently by the Police Department and the Fairfax County Office of Human Relations and Equity Programs ("OHREP"). Lt. Massaro alleged that the Police Department denied his promotion on account of his gender. He alleged that he was the most qualified candidate and identified a female officer

chosen over him despite the fact that she did not meet the basic educational prerequisites for promotion.

16. Lt. Massaro later amended his discrimination claim to add claims of race and age discrimination. Lt. Massaro, who was 55 years old at the time, alleged that all officers selected in the last two rounds of promotions were in their 30s and early 40s, and only two were white males.

17. Two days after Lt. Massaro filed his complaint, the Police Department rescinded the promotion of the unqualified female officer he identified.

18. Rather than correctly viewing this as an admission that the Police Department promoted a less-qualified female over Lt. Massaro, OHREP dismissed the complaint as moot.

19. OHREP sent copies of the decision to Chief Roessler and to the Police Department's Internal Affairs Bureau.

20. Upon information and belief, the Police Department never investigated Lt. Massaro's complaint of discrimination.

21. The Police Department did not promote Lt. Massaro in the place of this female officer.

**The Police Department's Retaliation Against Lt. Massaro**

22. Following his complaint, Police Department leadership began to curb Lt. Massaro's authority and retaliate against him.

23. On May 13, 2019, Lt. Massaro's second-line supervisor, Major Paul Cleveland, refused to allow Lt. Massaro to make staffing decisions at the Firearms Range. When Lt. Massaro protested, Major Cleveland replied, "Well, Pete, your complaint about the Chief of Police isn't helping."

24. Major Cleveland also told others that after Lt. Massaro filed his discrimination claim with OHREP, he had a "target on his back."

25. On May 22, 2019, a dispute arose that had all the trappings of a set-up. First Lieutenant Loriann LaBarca, who had recently been promoted and assigned to a new police command, struck up a private conversation with Lt. Massaro in his office. She explained that the Deputy Chief of Police for Administration wanted to showcase her on social media, which she believed was merely because of her gender. Lt. LaBarca—who knew of Lt. Massaro's complaint that the Department promoted an unqualified female over him—then asked Lt. Massaro if he thought she was promoted because of her gender. Lt. Massaro replied honestly that he believed gender was a factor in her promotion, noting Chief Roessler's oft-stated commitment to promoting diversity.

26. Lt. LaBarca stormed out of Lt. Massaro's office and immediately filed complaints with both the Police Department and OHREP, claiming he subjected her—a superior officer—to a hostile work environment.

27. Without dropping a beat, the Police Department's Internal Affairs Bureau launched an administrative investigation and interrogated Lt. Massaro that very same day. The only disputed fact was whether Lt. LaBarca directly asked Lt. Massaro's opinion about her promotion, or whether he offered it gratuitously. Nevertheless, Lt. Massaro was questioned for nearly half an hour that day, and then subjected to a second interrogation the following day that lasted more than an hour.

28. Major Cleveland, who had told others that Lt. Massaro had a "target on his back" due to his discrimination complaint, was present for both interviews.

29. When the second interview ended, the Police Department relieved Lt. Massaro from duty. Being relieved of duty for any reason is disastrous for any officer's career. It virtually eliminates any chance of future promotions and can limit opportunities in retirement. It irrevocably tarnishes that officer's professional reputation in the eyes of his colleagues.

30. Five days later, on May 28, 2019, the Police Department placed Lt. Massaro on administrative leave with pay.

31. The Police Department then ordered Lt. Massaro to undergo psychological testing as part of a fitness for duty examination. The order lacked any legal basis and was clearly an act of retaliation intended to embarrass Lt. Massaro. The psychologist who interviewed Lt. Massaro concluded that he showed no signs of any condition that justified relieving him from duty.

32. On July 22, 2019, OHREP notified Lt. Massaro that it had dismissed Lt. LaBarca's complaint against him. Nevertheless, Lt. Massaro remained on paid leave pending the conclusion of the Police Department's investigation.

33. It was not until October 30, 2019, more than five months after Lt. Massaro was relieved of duty, that the Police Department convened a hearing on the complaint. Captain Michael Wall presided over the hearing in which Lt. Massaro was charged with discrimination and violating a Police Department General Order requiring employees to treat each other "with respect, courtesy, and tact."

34. Following the hearing, Capt. Wall issued an "Advanced Notice of Disciplinary Action," finding that Lt. Massaro did not discriminate against Lt. LaBarca, but that he did fail to display "tact" in his conversation with her. Although the Department had already relieved Lt. Massaro of his duties and forced him out of work for seven months, Capt. Wall proposed an additional, one-day suspension.

35. Lt. Massaro appealed Capt. Wall's recommendation. He argued that the General Order requiring "tact" was unconstitutionally vague and that the facts did not support the charge.

36. Lt. Massaro's appeal was denied on January 24, 2020, by Major Robert A. Blakely. Major Blakely took the extraordinary step of not only affirming the suspension, but increasing the punishment. Major Blakely recommended that Lt. Massaro be transferred from his prized assignment as Supervisor of the Firearms Range to the Patrol Bureau.

37. Lt. Massaro appealed Maj. Blakely's ruling and requested that an impartial Hearing Panel issue findings and a recommended outcome for Chief Roessler.

38. The three-member Hearing Panel consisted of one member selected by the Police Department, one by Lt. Massaro, and the third by the first two members. The hearing was held on February 20, 2020, and ten witnesses testified.

39. Two panel members found there was insufficient evidence to find that Lt. Massaro violated the General Order. The member selected by the Department, however, issued a dissenting opinion. He recommended that the charge be sustained and the one-day suspension upheld, but not the disciplinary transfer.

40. Nevertheless, on March 12, 2020, Chief Roessler disregarded the findings and recommendations of the Hearing Panel. He sustained the charge, issued a letter of reprimand to Lt. Massaro, and reassigned him to the Patrol Bureau.

41. Upon Lt. Massaro's transfer to the Patrol Bureau, the Police Department further retaliated against him by assigning him to an undesirable midnight to 8 a.m. shift.

**Lt. Massaro's Charge of Discrimination**

42. After OHREP dismissed Lt. LaBarca's complaint for hostile work environment, but before the hearing with Capt. Wall, Lt. Massaro filed a charge of discrimination with the

Equal Employment Opportunity Commission ("EEOC"). Lt. Massaro accused the Police Department of retaliating against him for challenging the discriminatory denial of his promotion by launching a baseless investigation, relieving him of duty, and refusing to return him to his position as the supervisor at the Firearms Range.

43. On January 3, 2020, Lt. Massaro amended his charge to include Captain Wall's decision to suspend him for one day for failing to display "tact."

44. On June 1, 2020, Lt. Massaro, having not received any decision from the EEOC, requested a Right to Sue letter. The EEOC never responded.

## COUNT ONE

### Retaliation in Violation of 42 U.S.C. § 2000e

45. Lt. Massaro engaged in protected activity when he filed a complaint with OHREP charging the Police Department with illegal discrimination based on age, gender, and race in its failure to promote him to First Lieutenant.

46. The Police Department retaliated against Lt. Massaro for this protected activity through a variety of actions, including, but not limited to, the following:

   a. Failing to investigate Lt. Massaro's complaint of discrimination;

   b. Orchestrating Lt. LaBarca's complaint against him as a pretext to discipline him;

   c. Initiating a disciplinary investigation based on his true and innocuous statement that the Department uses gender as a factor in promotions;

   d. Relieving Lt. Massaro of his duty;

   e. Placing Lt. Massaro on involuntary paid leave status for five months;

   f. Ordering Lt. Massaro to undergo psychological testing;

   g. Disqualifying Lt. Massaro from any promotions for a year;

      h. Disregarding the findings and recommendations of the impartial Hearing Panel;

      i. Disciplining Lt. Massaro with a letter of reprimand; and

      j. Disciplining Lt. Massaro with a transfer from his position as supervisor of the Firearms Range to an overnight patrol shift.

47. The Police Department acted with malice and with a conscious and reckless disregard for Lt. Massaro's federally protected rights.

48. The Police Department's actions have caused and will continue to cause Lt. Massaro substantial economic loss, including lost salary, bonuses, benefits, and other compensation.

49. The Police Department's actions have caused and will continue to cause Lt. Massaro significant emotional distress, including anxiety, depression and other physical manifestations, as well as damage to his reputation.

50. Due to the conscious and reckless disregard for Lt. Massaro's federally protected rights, and the severity of the Police Department's conduct, Lt. Massaro is also entitled to punitive damages.

## COUNT TWO

### Retaliation in Violation of 42 U.S.C. § 1981

51. Lt. Massaro engaged in protected activity when he filed a complaint with OHREP charging the Police Department with illegal discrimination based on race, in its failure to promote him to First Lieutenant.

52. The Police Department retaliated against Lt. Massaro for this protected activity through a variety of actions, including, but not limited to, the following:

      a. Failing to investigate Lt. Massaro's complaint of discrimination;

    b. Orchestrating Lt. LaBarca's complaint against him as a pretext to discipline him;

    c. Initiating a disciplinary investigation based on his true and innocuous statement that the Department uses gender as a factor in promotions;

    d. Relieving Lt. Massaro of his duty;

    e. Placing Lt. Massaro on involuntary paid leave status for five months;

    f. Ordering Lt. Massaro to undergo psychological testing;

    g. Disqualifying Lt. Massaro from any promotions for a year;

    h. Disregarding the findings and recommendations of the impartial Hearing Panel;

    i. Disciplining Lt. Massaro with a letter of reprimand; and

    j. Disciplining Lt. Massaro with a transfer from his position as supervisor of the Firearms Range to an overnight patrol shift.

53. The Police Department acted with malice and with a conscious and reckless disregard for Lt. Massaro's federally protected rights.

54. The Police Department's actions have caused and will continue to cause Lt. Massaro substantial economic loss, including lost salary, bonuses, benefits, and other compensation.

55. The Police Department's actions have caused and will continue to cause Lt. Massaro significant emotional distress, including anxiety, depression and other physical manifestations, as well as damage to his reputation.

56. Due to the conscious and reckless disregard for Lt. Massaro's federally protected rights, and the severity of the Police Department's conduct, Lt. Massaro is also entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter J. Massaro requests that this Court enter judgment in his favor and against Defendant Fairfax County Police Department on the above counts and further:

a) Award Lt. Massaro damages in an amount to be proven at trial for economic losses, damage to professional reputation, emotional distress, pain and suffering, and loss of enjoyment of life that he has experienced as a result of the Police Department's unlawful conduct;

b) Award Lt. Massaro punitive damages in an amount to be determined by a jury;

c) Award reasonable attorneys' fees and costs; and

d) Grant such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff Peter J. Massaro demands a trial by jury.

August 14, 2020                                             Respectfully submitted,

    *s/Daniel S. Crowley*
DANIEL S. CROWLEY, VSB 79567
HARRISON E. RICHARDS, VSB 94960
HANNON LAW GROUP
333 8th Street NE
Washington, D.C. 20002
Phone: 202-232-1907
Fax: 202-232-3704
dcrowley@hannonlawgroup.com
hrichards@hannonlawgroup.com

*Counsel for Peter J. Massaro*