**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

PETER J. MASSARO,                     )
                                      )
      Plaintiff,                     )
                                      )
v.                                    )    Case No.: 1:20-cv-00929
                                      )          (TSE/TCB)
FAIRFAX COUNTY,                       )
                                      )
      Defendant.                     )

## DEFENDANT FAIRFAX COUNTY'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendant, Fairfax County ("Fairfax" or "the County"), by counsel, and in reply to plaintiff, Peter Massaro's ("Massaro"), Opposition to Defendant's Motion for Summary Judgment states as follows:

It is incumbent upon Massaro to come forward with sufficient admissible evidence to demonstrate a genuine issue or dispute as to material facts, otherwise Fairfax is entitled to summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) ("To defeat a properly supported motion for summary judgment, the nonmoving party 'must set forth specific facts showing that there is a genuine issue for trial.'") Plaintiff has failed to do so and cannot identify admissible factual or legal support for the argument that Fairfax retaliated against him in May 2019 for a complaint he filed in September 2018. Despite setting forth contradictory and conflicting arguments, Massaro cannot dispute that the pleaded  basis of his retaliation claims are  Major Paul Cleveland's ("Cleveland") assignment to the Academy in May of 2019 and his selection of individuals for range employment over the recommendations of others, including Massaro; and the May 22, 2019 complaint against him made by Lt. Loriann LaBarca ("LaBarca").

Retaliation is a "but for" standard and there can be no inference of a causal link between the September 2018 OHREP complaint and Cleveland's decision on May 13, 2019, due to the lack of temporal proximity between the filing of Massaro's complaint and his pleaded claims in this case. *Nasis-Parsons v. Wynne*, Case No. 4:05-cv-36, 2006 U.S. Dist. LEXIS 35325, *9-10 (E.D. Va. June 1, 2006) (Morgan, J.) (internal quotation marks, brackets and citations omitted), *aff'd by* 221 Fed. App'x 197 (4th Cir. 2007) (decided in light of *Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53,  62 (2006)). Admissible evidence of facts, as opposed to conjecture or opinions must show that, "but for" Massaro's engagement in protected activity recognized under Title VII in September 2018, Cleveland would not have been assigned to the Academy in May of 2019; his selection of individuals to fill needed faculty positions would not have occurred;  LaBarca would not have been at the Academy and "engaged" him in conversation on May 22; and no complaint would have followed resulting in an IAB investigation during which Massaro lost his temper, made disparaging remarks about LaBarca raising concerns among multiple commanders about his ability to continue working with police recruits, ultimately leading to his transfer from the Academy.

Massaro's continued subjective belief as to why actions occurred beginning in May of 2019 is insufficient to support his claims in this case.  *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (An employee's suspicion or opinion that he may have been discriminated against, without any facts in support of such claim, is insufficient to withstand summary judgment dismissal.) Massaro's claims are based on a speculative and subjective belief that all of the individuals involved in the challenged employment decisions or events that occurred were retaliating against him is also contradicted by those facts identified by Fairfax which he does not dispute. See County's Statement of Undisputed Facts ("Def. SUF")  ¶¶ 1-9, 12, 16,17-19, 21, 25, 28-29, 32-35, 37, 41, 46; and those he only partially disputes which either involve immaterial facts, his opinions, or to which he provides

no admissible evidence to refute, or ignores a witness's testimony.  See Def. SUF ¶¶ 10-11, 13-15, 22-24, 26-27, 30-31, 36, 38-40, 42-43, 44-45, 47, 51-52, 54.[1]

In determining whether a triable issue of fact exists, the court looks to the "specific facts pled." *Conyers v. Virginia Housing Dev. Authority,* Civil Action No. 3:12-CV-458, 2013 U.S. Dist. LEXIS 26428, *10-11, (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 247-49) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"); *Francis v. Booz, Allen & Hamilton, Inc.,* 452 F.3d 299, 308 (4th Cir. 2005) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.")   If Massaro's  self-described evidence is "only colorable . . . not significantly probative, summary judgment may be granted."  *Anderson,* 477 U.S. at 249-50.

Fairfax relies on Massaro's pleaded allegations to support the fact that the protected activity identified and relied upon in support of his retaliation claims is the September 2018 complaint to OHREP.  Regardless of whether Massaro discussed his complaint in a November 2018 IAB interview with 2nd Lt. Lazisky, there is no evidence that Roessler ever discussed Massaro with Lazisky, and IAB did not begin the 2019 investigation until after LaBarca's complaint which was the focus of that investigation. Even then, there is no evidence of command staff acting in concert to remove Massaro from the Academy.

Disputes about Marisa Kuhar's qualifications, the reasons for postponement of her promotion, and discussions had with Cleveland at the May 13, 2019,  meeting are not material to the

---

[1] See also the County's opposition to Massaro's Motion for Partial Summary Judgment and detailed response to plaintiff's statement of facts which refute plaintiff's assertions and support summary judgment in favor of the County on all claims. (ECF Doc. 42, pp. 1-11.)

ultimate issues of fact in this case. The information is background as to the basis of Massaro's September 2018 complaint, and proof that Cleveland's transfer to the Academy had nothing to do with that complaint. No where in his Amended Complaint does Massaro allege the arguments he now makes i.e., that throughout the time period between September 2018 and Cleveland's appearance at the Academy as the new commander, Massaro was continually protesting about the County's promotion process. In his opposition to the County's motion he argues multiple other alleged incidents of retaliation which were not pleaded such as reduction in his staff, budget, and training. Massaro obviously remains fixated on his original discrimination claim which he abandoned in 2018.

His claims that he continued to complain against discrimination are not supported by the pleaded facts or the record. He also argues that the County's reasons for the LaBarca complaint and personnel actions that followed are pretextual. Only <u>if</u> a plaintiff makes some showing of causal relationship, which is not the case here, does the burden then shift to the employer to produce a legitimate non-discriminatory reason for any adverse employment action. *Karpel v. INOVA Health Sys. Services,* 134 F.3d 1222, 1228 (4th Cir. 1998). If the employer produces a legitimate, non-discriminatory reason for the action, the plaintiff then bears the burden of proving that the employer's proffered reason is pretextual. *Id.* In analyzing whether the employer's reasons are pretextual, the court must focus on the "perception of the decision maker, . . . whether the employer believed its stated reason to be credible." *Holland v. Washington Homes, Inc.,* 487 F.3d 208, 217 (4th Cir. 2007). The employer's proffered reason is not pretextual unless it is shown by the evidence that the reason was false <u>and</u> that discrimination was the real reason for the action taken. *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 249 (4th Cir. 2000).

To defeat summary judgment, the plaintiff must do more than "merely raise a jury question about the veracity of the employer's proffered justification . . . plaintiff must have developed some evidence on which a juror could reasonably base a finding that discrimination motivated the challenged employment action." *Id.* (citing *Vaughan v. The Metrahealth Cos.,* 145 F.3d 197, 202 (4th Cir. 1998)). This, Massaro cannot do. The reasons given by multiple FCPD personnel for the actions that followed LaBarca's complaint are not pretextual and the grievance process and IAB investigation reviews were all about LaBarca's complaint based on Massaro's offensive statements made on May 22, 2019 about her promotion. The basis of the conclusions reached by Hirshey, Wall, Blakely and Roessler that Massaro violated Human Relations Reg. 201.13 are set forth in each report and are credible.  Hirshey Tr. ex. 10; Wall Dec. Ex. 25; Blakely Tr. ex. 11; Roessler Tr. exs. 23, 24, 24-1, 25.  Massaro's assertion that his complaint was discussed in monthly meetings where IAB personnel presented command staff with a summary of outstanding complaints does not contradict testimony by Cleveland, Blakely, Hirshey, Wall, and Roessler or anyone else that they had no  discussions with Roessler about Massaro's complaint and any action taken against him. *See* the County's Opp.  to Massaro's MSJ ¶¶ 12-29, 33-34.

LaBarca testified that she only found out about Massaro's discrimination complaint when she read the lawsuit, and did not know about it prior to her meeting with him on May 22, 2019. LaBarca Tr. pp. 9-12.  She went to headquarters and met with her major (Hurlock) who called Cleveland back to the building.  She was directed to OHREP by IAB employees.  LaBarca Tr. pp. 29-38.  Blakely testified, at most, that he could have heard about it after he was promoted in September 2018 in a monthly meeting but had no independent recollection of such. Blakely Tr. pp. 18-23, 172.

5

What are labeled as uncontested facts in Massaro's MSJ are his or others' subjective opinions of why certain things occurred such as Cleveland's transfer to the Academy and the decisions he made, Cleveland's presence during an IAB interview, why LaBarca complained about Massaro's statements of May 22, 2019, Hirshey's and Walls' conclusions, Blakely's recommendations, and Roessler's decisions. There is no factual basis to support the subjective opinions or beliefs he relies upon in this case. The actions of multiple FCPD personnel involved in the IAB and grievance process cannot be linked to any factually supported retaliatory actions. Massaro apparently believes that there was concerted action involving many people beginning in May 2019–almost eight months after he made his discreet discrimination complaint to OHREP--to have him removed from his position at the Academy.  The record supports none of Massaro's wildly speculative opinions and conclusory or hearsay statements. Massaro's baseless arguments are in direct contradiction to multiple unchallenged statements of fact presented by the County, and are insufficient to support a triable question of fact as to the relevant claims in this case.  *Hibbitts v. Buchanan Cty. Sch. Bd.,* 433 Fed. Appx. 203, 205-06 (4th Cir. 2011) ("'Conclusory or speculative allegations do not suffice,' to create a genuine dispute, nor does a mere scintilla of evidence in support of [a] case.") (citations omitted).

Massaro's First Amendment retaliation claim is also based on the September 2018 discrimination complaint 2nd Am. Compl. ¶¶ 59-60.  The retaliation he claims consisted of not investigating his 2018 complaint and "[o]rchestrating LaBarca's complaint against him as a pretext to discipline him. . . ," and the disciplinary process that followed. *Id.* at ¶¶ 60 b-j. The record refutes Massaro's claim that his 2018 discrimination complaint was not investigated and also shows that the investigation of that complaint was controlled by OHREP, not Roessler whom he identifies as the "decision maker" associated with the First Amendment claim. *Id.* at ¶ 61. The record also refutes the

claim that Roessler "orchestrated" LaBarca's complaint.  That is false and Massaro's subjective belief is unsupported by any facts. Lastly, Massaro's 2018 complaint was about Roessler's failure to promote him and promoting, instead, an unqualified female candidate-Kuhar. For this, he was not speaking as a citizen on a matter of public concern.  He was speaking as a disgruntled employee about a specific matter of personal concern to him. The forum chosen, filing of an internal complaint which was not released to the public and was made through process provided by the employer, as well as the relief sought--promotion to First Lieutenant-- demonstrate that it was a matter of personal concern.  *Brooks v. Arthur*, 685 F.3d 367, 372-73 (4th Cir. 2012). Once it is determined that the employee cannot carry his burden of showing that the "speech" can be "fairly characterized as constituting speech on a matter of public concern, it is unnecessary . . . to scrutinize the reasons" for the disciplinary actions taken against the employee.  Summary judgment for the employer is appropriate even if the actions taken "may not be fair" or were "mistaken or unreasonable." *Id.* at 371.

Massaro's statements to LaBarca on May 22, 2019 that she was promoted because she was a female was the basis for initiating the IAB investigation and the disciplinary action that followed, not the complaint filed with OHREP in September 2018. Here, again, he was not speaking to her as a citizen on a matter of public concern.[2]  He was speaking to her in his office, during a private discussion between them, stating in response to her question, as alleged, that the fact she was a female was the decisive factor in her promotion. *Id.* at 375 ("Private matters between employers and employees may be the subject of internal controversy, but whether someone's sense of fair play is offended is not the constitutional inquiry.")

---

[2]Massaro has not alleged in his complaint that the May 19, 2019 conversation with LaBarca was speech on a matter of public concern.

The record does not support any inference that his conversation with LaBarca involved the exercise of his free speech rights.  Factually, it is clear that his conversation with LaBarca involved her promotion and his belief that the decisive factor in that promotion was her gender. The personnel decisions that followed LaBarca's complaint were based on his unprofessional interaction with her and his angry outburst during the second IAB interview, derogatory statements about LaBarca, and observable emotional and angry demeanor during that interview on May 23, 2019.  All of this, from a public employer's perspective was problematic given his position. Blakely Tr. pp.  116-28, 174; Hirshey Tr. ex. 10, p. 9; Cleveland Tr. pp. 113-17; Roessler Tr. pp. 129-30.

Even if Massaro's 2018 complaint could be considered free speech on a matter of public concern, the court must still look to the factual question of whether that complaint was a  substantial factor in the personnel decisions that followed LaBarca's complaint. The record shows that it was LaBarca's complaint on May 22, 2019 that led to the investigation and personnel decisions. Even if their conversation involved a matter of public concern, it is clear that Massaro's interest in telling LaBarca that she was promoted because of her gender did not outweigh the County's interest in managing the working  environment of the police department. *Id.* at 371. The purpose of the FCPD regulation 210.13 was to facilitate a harmonious work environment and not have people squabbling about personal issues resulting in insults or offense to another employee.  The commanders' decisions and recommendations were made within the scope of their job duties and are the type of decisions they are expected to make given their positions in the police department.  In other words, personnel matters about which they were charged by virtue of their employment with handling.

Massaro cannot establish a *prima facie* case of retaliation and therefore the burden does not shift to Fairfax to rebut any presumption of retaliation by articulating non-retaliatory reasons for its actions. Regardless, the record shows that there were legitimate,  non-retaliatory and factually

undisputed reasons for the decisions and actions about which Massaro complains. As argued, Massaro asks this court to sit as a super-personnel department and decide that none of the personnel actions and proceedings following LaBarca's complaint were proper when the record shows that LaBarca's complaint had nothing to do with Massaro's 2018 complaint, about which she knew nothing until she read the lawsuit. *Anderson v. Westinghouse Savannah River Co.,* 406 F.3d 248, 272 (4th Cir. 2005) (citing *DeJarnette v. Corning, Inc.,* 133 F.3d 293, 299 (4th Cir. 1998)).

Massaro has failed to submit admissible direct evidence of retaliation or circumstantial evidence of "sufficiently probative force to raise even a genuine issue of material fact" as to his retaliation claims much less entitlement to judgment in favor. *Evans v. Techs. Apps. & Serv. Co.,* 80 F.3d at 959. Statements purportedly made by Cleveland that Massaro had a "target on his back," (which he does not recall making) are not sufficiently probative, are hearsay, and Massaro has come forward with no admissible facts to dispute Cleveland's testimony as to what occurred in May 2019 and why. Reliance on Hirshey's "sense," "impressions," or opinions is not admissible evidence of probative facts. Especially given Hirshey's testimony where he disavowed any knowledge of facts which would support a claim that the former chief or anyone else identified in command was out to get Massaro, and stood by the report he prepared in which he concluded that Massaro acted improperly. Hirshey Tr. pp. 70-71, 86.

## III.    CONCLUSION

As argued herein, and for all of the reasons argued in defendant's Memorandum in Support of Motion for Summary Judgment, and in opposition to Massaro's Motion for Partial Summary Judgment, Fairfax County is entitled to summary judgment in this case because "the record taken as a whole could not lead a rational trier of fact to find for" Massaro and there is "no genuine issue for trial.'" *Id.; Washington Homes, Inc.,* 487 F.3d 208, 217 (4th Cir. 2007).

**FAIRFAX COUNTY**

By Counsel

_____/s/_____
Julia B. Judkins, VSB No. 22597
Heather K. Bardot, VSB No. 37269
Nicole L. Antolic, VSB No. 93038
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
jjudkins@bmhjlaw.com
hbardot@bmhjlaw.com
nantolic@bmhjlaw.ocm
*Counsel for Defendant Fairfax County*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 27, 2021 I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Daniel S. Crowley, Esquire, VSB No. 79567
HANNON LAW GROUP
333 8th Street NE
Washington, D.C. 20002
(202) 232-1907 (telephone)
(202) 232-3704 (facsimile)
dcrowley@hannonlawgroup.com
*Counsel for Plaintiff*

_____/s/_____
Julia B. Judkins, VSB No. 22597
BANCROFT, McGAVIN, HORVATH
   & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
jjudkins@bmhjlaw.com
*Counsel for Defendant*